No. 20,373.

IRA FELZIEN, ET AL., *v.* SCHOOL DISTRICT RE-3
FRENCHMAN, LOGAN COUNTY, COLORADO.
(380 P. [2d] 572)

Decided April 8, 1963.

· Messrs. KREAGER, SUBLETT and DOWIS, for plaintiffs in error.

Messrs. GIACOMINI and GIACOMINI, Messrs. DAWSON, NAGEL, SHERMAN & HOWARD, Mr. THOMAS B. FAXON, for defendant in error.

*En Banc.*

MR. JUSTICE SUTTON delivered the opinion of the Court.

WE will refer to plaintiffs in error who were plaintiffs in the trial court, as plaintiffs, and to defendant in error as the district.

The dispute before us involves the question of whether certain of the wording of an affidavit required of challenged voters in a school bond election by C.R.S. '53, 123-11-9, is mandatory.

The record and briefs disclose that this *reorganized school district* (reorganized under the school district reorganization act of 1957 hereinafter discussed) is one with a school population of under 3000 and that the parties agree its bond election voter qualifications are governed by 123-11-9 except as to certain of the wording therein in dispute. It further appears that at some time prior to the election here in question a similar election had been held which had been voided by the district court in Civil Action No. 10161, Division 2, following which no writ of error was sought.

The statute (123-11-9) states:

"Challenges — oath — rejection of vote. — Any person offering to vote at any such bond election may be challenged by any qualified elector of the district, and thereupon the judges of election or one of them, may require him to answer on oath or affirmation such questions touching his qualifications as a voter at such bond election as they shall see fit. One of the judges shall administer to him an oath, which he shall sign, as

follows: 'I do solemnly swear (or affirm) that I am a citizen of the United States; that I have resided in this state for one year immediately preceding this election, in this county ninety days, and in this school district thirty days; that I am twenty-one years of age, and that I have not previously voted at this election, and that I have paid school tax on property *listed with the county assessor*, within this school district in the year next preceding this election. So help me God.'

"If the person so challenged shall refuse to make such oath or affirmation, his vote shall be rejected, and the judges may reject the vote of any person offering to vote, if, in their judgment, the voter is not qualified according to law, whether the voter takes the oath or not." (Emphasis supplied.)

It appears that following the judgment in No. 10161, supra, the district prepared its affidavit form for the second election omitting the words "listed with the county assessor" leaving that part of the affidavit to read " * * * I have paid a school tax on property within this School District * * * ."

The bond election held on January 9, 1962, resulted in a favorable vote of 247 for and 114 against (a total of 361) or a majority of 133. Of the 361 persons voting 173 were challenged at the polls and affidavits in the revised form were furnished, signed and accepted so that the affiants could participate in the election.

Again litigation followed with the object of changing the results of the election by voiding the challenged votes upon the contention that the affidavits were illegal and void and that without the questioned votes the bond issue would not have passed. Trial was to the court which heard the case based on stipulations and exhibits. A motion to dismiss by the district was thereafter granted and plaintiffs bring error on the ground that the affidavits accepted did not conform to the statute and the challenged votes are therefore void. The district on the other hand urges:

(1) The affidavit complies with Article XI, Section 7 of the Colorado Constitution relating to school district debts which expressly provides in part that in bond elections voting shall be by " * * * qualified electors of the district as shall have paid a school tax therein * * * "; and with C.R.S. '53, 123-11-1 and 123-11-9 except the omitted wording which it deems mere surplusage. 123-11-1 provides in part:

"The board of education of *any* school district may submit at any regular or at a special election called for the purpose, *to such of the qualified electors of the district as shall have paid a school tax therein* in the year next preceding such election, the question of contracting a bonded indebtedness, * * * ." (Emphasis supplied.);

(2) That the judgment in the prior civil action (No. 10161) precluded using the omitted wording; and,

(3) Even if the affidavit is "improper" there are no allegations or proof of invalid (i.e. fraudulent) ballots and the election must be upheld.

No good purpose will be served by lengthening this opinion with a discussion of various other statutes which relate to other classes of school districts and other statutes as to what constitutes a taxpaying elector because we believe the trial court was correct in its judgment in this case for the following reasons:

▆ Our Constitution is crystal clear in Article XI, Section 7, when it requires that a qualified elector, when debts are created for school buildings as here, has to be one who has "paid a school tax" in the district in the year next preceding such election. 123-11-1 follows this requirement as does 123-11-9 which adds the disputed wording "listed with the county assessor."

▆ A school tax in this type of case is one levied by a school district. The district in turn can only render its levy effective against property (real and personal) which is listed with the county assessor. Therefore, an affidavit (like this one) which meets the requirements

of Article XI, Section 7 and of 123-11-1, was sufficient for the election in question. As to 123-11-9, we believe it merely details the usual voting qualifications and calls attention to the fact that in addition such a school bond elector has to comply with the requirements of Article XI, Section 7. Viewed in such a light the disputed words are merely explanatory or surplusage for the legislature had no power to vary the constitutional requirement.

Since no showing was made in the trial court that those who executed the challenged affidavits were not in fact qualified electors their votes must be considered to be proper.

Plaintiffs' claim that their rights have been violated under Article II, Section 25 of the Constitution of Colorado and the Fifth Amendment of the United States Constitution, because of alleged failure to apply the exact wording of 123-11-9, must fail in view of our disposition of the principal issue.

■ Elections should not be lightly set aside. This is especially true when they have been so held as to afford a free and fair expression of the popular will. As is said in 43 *Am. Jur., Public Securities and Obligations,* §78:

"Duty of Courts to Uphold Bond Election wherever Possible. — The general rules of election law are to the effect that presumptions are in favor of the legality and regularity of the proceedings had and conducted and the votes and ballots cast. In accordance with such principles, and in furtherance of a general public policy, it has been held that courts must, as a rule, wherever possible, uphold the validity of municipal bond elections, unless clear grounds for invalidating them are shown."

Perceiving no error in the record the judgment is affirmed.

MR. JUSTICE MOORE not participating.